IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | Criminal No. | 18-286 |
| SHERRY COLLINGWOOD | | |

**FILED**
OCT 23 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its counsel, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Mary McKeen Houghton, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A grand jury sitting in the Western District of Pennsylvania returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Copyright Infringement<br><br>From in or around January 2014 to in and around March 2017 | 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. §§ 2 and 2319(b)(1) |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Copyright Infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. §§ 2 and 2319(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. A valid copyright exists which has been registered with the U.S. Copyright Office of the Library of Congress any time before the filing of an indictment.

2. The defendant "infringed" or violated the rights reserved to the owner of the copyright to control the reproduction of the work and its distribution. Specifically, the defendant infringed the right of a valid copyright owner by reproducing and distributing copies of copyright works without the permission of the copyright owner.

3. The defendant acted willfully, that is, with the specific intent to deliberately violate a known legal duty and with the purpose of commercial advantage and private financial gain.

4. The defendant reproduced or distributed, including by electronic means, during any 180 day period, ten (10) or more copies of one (1) or more copyrighted works, which have a retail value of more than $2,500.00.

> 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1); United States v. Manzer, 69 F.3d 222, 227 (8th Cir. 1995); United States v. Hux, 940 F.2d 314, 319 (8th Cir. 1991); United States v. Wise, 550 F.2d 1180 (9th Cir. 1977), cert. denied 434 U.S. 929 (1977).

### III. PENALTIES

**As to Count 1 : Copyright Infringement ( 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. §§ 2 and 2319(b)(1)):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment of not more than five (5) years (18 U.S.C. § 2319(b)(1));

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    (d) Any or all of the above.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

          Respectfully submitted,

          SCOTT W. BRADY
          United States Attorney

          _/s/ Mary McKeen Houghton_
          MARY MCKEEN HOUGHTON
          Assistant U.S. Attorney
          PA ID No. 31929