# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No.: 18-286 |
| ) | |
| SHERRY COLLINGWOOD, ) | |
| Defendant ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Sherry Collingwood, through her attorney, Chris Rand Eyster, Esquire, files this sentencing memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C.§ 3553(a).

The Sentencing Guideline Range:

According to the Pre-Sentence Investigation Report (PSIR, p. 10):

"Based upon a total offense level of 13 and a criminal history category of I, the guideline imprisonment range is 12 to 18 months."

Application of the Statutory Sentencing Factors to the Facts of this Case:

*The nature of the offense.*

The Defendant committed these offenses as a means of financial survival. However, since her arrest she has not re-offended. The Defendant has accepted responsibility for her crimes and is not a risk to re-offend.

*The history and characteristics of the Defendant.*

The Defendant has no prior criminal conviction and lives with her sister maintaining a strong family tie there. (*See* Exhibits A & B to be filed under seal). A defendant's family ties is a factor not ordinarily considered under the Guidelines. Under § 3553(a), this factor justifies a downward variance from the guidelines. *United States v. Wachowiak*, 496 F.3d 744 (7th Cir. 2007). The Defendant has complied with all conditions of her pre-trial release. (PSIR, p. 4).

*Other pertinent sentencing factors:*

The Defendant has mental health issues that she has addressed during the pendency of this case and remains in treatment. (PSIR, pp. 8-9). Unfortunately, Sherry still has persistent thoughts of dying. According to her therapist, her prognosis would be "poor" if she went to prison. Because of her mental health issues, there are mitigating circumstances warranting a downward variance from the sentencing guidelines. *See* Exhibits A & B to be filed under seal. *U.S. v. Stabile*, 633 F.3d 219 (3d Cir. 2011).

Restitution:

No victims have come forward to claim restitution. (PSIR, p. 4, 11). Pursuant to 18 U.S.C. § 3663A, restitution must be ordered unless the Court finds that either: (A) the number of victims is so large as to make restitution impracticable; or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree the need to provide restitution to any victim is outweighed by the burden on the sentencing process. These factors apply here; therefore, no restitution should be ordered.

Also, the Defendant requests that no fine be imposed due to her inability to pay a fine. (PSIR, p. 10).

Conclusion:

The Defendant respectfully requests a sentence of probation which is "sufficient but not greater than necessary" to achieve the objectives set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

s/ Chris Rand Eyster
Chris Rand Eyster, Esquire
Attorney for Defendant
3242 Babcock Boulevard
Pittsburgh, PA 15237
(412) 765-0633
PA. I.D. #44166